# Chicago & Alton Railroad Company v. Minnie Brandau, Administratrix, etc.

## Same v. Belle Hastings, Administratrix, etc.

1. FELLOW-SERVANTS—*Engineer, Brakeman and Fireman.*—The engineer, forward brakeman and fireman in charge of a locomotive engine are fellow-servants, and neither can look to the master for the negligence of the other.

**Trespass on the Case.**—Death from alleged negligence. Appeals from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding. Heard in this court at the November term, 1895. Reversed with findings of facts. Opinion filed May 16, 1896.

WILLIAMS & CAPEN and JOHN E. POLLOCK, attorneys for appellant.

A defendant is never liable for mere negligence, unless the plaintiff establishes that such negligence was the cause of the injury complained of; the relation of cause and effect must always exist to create liability, and the burden of proof, as to this, is upon the plaintiff. Morris v. Gleason, 1 Ill. App. 510; I. & St. L. R. R. Co. v. Blackman, 63 Ill. 117; Addison on Torts, Sec. 10; Thompson on Negligence, p. 1084, Sec. 2; Smith on Negligence, *3.

Even if machinery becomes dangerous from want of repair and causes damage, yet the employer is not liable therefor unless he either knew such dangerous condition in time to have prevented the injury, or by the exercise of ordinary care would have discovered it in time to have prevented it.

A railroad company is not an insurer of the safety of its engines to its employes. It is only bound to use ordinary care. C. & A. R. R. Co. v. Kerr, 148 Ill. 605; Camp Point Mfg. Co. v. Ballou, 71 Ill. 417; C. & A. R. R. Co. v. Rush, 84 Id. 570; Weber Wagon Co. v. Kehl, 139 Id. 644; Wood on Master and Servant, Secs. 344, 346, 348; C., C., C. & St. L. R. R. Co. v. Selsor, 55 Ill. App. 685.

An employer is only liable for a defect or defects that

*would* have been discovered by the exercise of ordinary care in time to have prevented the injury. His liability does not, in any case, extend to what he *could* or *might* have discovered by such exercise. W., St. L. & P. Ry. Co. v. Moran, 13 Ill. App. 72; Moody v. Peterson, 11 Id. 180; Bailey on Master's Liability to Servant, p. 16, note.

The master is presumed to have discharged his duty to provide suitable and fit instrumentalities for the servant in the prosecution of the business he is set to do. I. C. R. R. Co. v. Barslow, 55 Ill. App. 203, and cases cited.

F. B. McKennan and Kerrick, Spencer & Bracken, attorneys for appellees.

A railroad company is bound to furnish safe machinery for the use of its employes and to keep it in proper repair. C. & N. W. R. R. Co. v. Swett, Adm., 45 Ill. 197; Illinois Central R. R. Co. v. Welch, 52 Ill. 183; C. & N. W. R. R. Co. v. Jackson, 55 Ill. 492.

A railroad company is held to the highest degree of diligence in regard to the condition of its machinery. C. & A. R. R. Co. v. Shannon, Adm., 43 Ill. 238.

When the testimony is conflicting, the verdict of a jury will not be disturbed. Ibid.

In the absence of proof of negligence on the part of the person injured, the jury may infer that he was exercising due care for his safety. C. & A. R. R. Co. v. Crowder, 59 Ill. App. 155.

If the employe is shown to be a careful and competent servant, it can not be said there is an entire want of evidence of due care. Missouri Furnace Co. v. Abend, 107 Ill. 44; C., B. & Q. R. R. Co. v. Gregory, 58 Ill. 272; C. R. & P. R. R. Co. v. Clark, 108 Ill. 113.

Mr. Justice Boggs delivered the opinion of the Court.

The intestate of each administratrix in the above styled causes was killed by the explosion of the boiler of a locomotive engine of the appellant company.

Brandau was fireman of the engine and Hastings was forward brakeman of the train which the engine was draw-

ing. The engineer, DuBois, was killed in the same explosion. The above cases are appeals from judgment against the company in favor of the representatives respectively of the fireman and forward brakeman. We have filed an opinion reversing a judgment rendered in favor of the administratrix of DuBois, the engineer. (65 Ill. App. 142.)

All that is said in that opinion is applicable to the cases at bar.

While we think the evidence leaves the cause of the explosion a matter of pure conjecture, still if it resulted from the negligence of the engineer, DuBois, as is alleged in one or more counts in the declarations in these cases, there could be no recovery in favor of the fireman or the forward brakeman.

It appears from proof produced in behalf of the administratrix the position of the forward brakeman when the train is in motion is in the cab of the engine with the engineer and fireman.

They were all in the cab of the engine when the explosion occurred. Their usual duties brought them into habitual association, and they were charged with the duty and had opportunity to exercise an influence, each over the other, promotive of due care and caution.

The relation of fellow-servant existed, and neither could look to the master to respond for the negligence of the other. I. C. R. R. Co. v. Kerr, Adm'x, 72 Ill. 512.

A great number of cases holding that an engineer and a brakeman are fellow-servants are collected on page 866, Vol. 7, Amer. & Eng. Ency. of Law, and a like collection of cases holding the relation exists between the engineer and fireman will be found on p. 877 of the same volume of the Encyclopedia.

The judgment in each of the cases is reversed and neither case will be remanded.

Chicago & Alton Railroad Co. )
            v.                  }
    Belle Hastings, Adm'x.      )

The clerk will incorporate in the judgment the following finding of facts :

The court doth find the evidence herein fails to show the appellant company was guilty of the negligence alleged in the declaration in respect of the construction or keeping in repair of the said locomotive engine and boiler and that the appellant used due care in that behalf.

The court doth find the evidence fails to disclose what was the cause of the explosion of the boiler of said locomotive and that the cause of the explosion is unknown.

The court doth further find Grant Hastings, appellee administratrix' intestate, and the engineer, William L. DuBois, were at the time of the explosion fellow-servants of the appellant company.

Chicago & Alton Railroad Company }
v.                        }
Minnie Brandau, Adm'x, etc.      }

The clerk will incorporate in the judgment the following finding of facts :

The court upon consideration hereof doth find that the evidence herein fails to show the appellant company was guilty of the negligence alleged in the declaration in respect of the construction or keeping in repair of the said locomotive engine and boiler, but that said appellant used due care in that behalf.

The court doth further find the evidence herein fails to disclose what was the cause of the explosion of the boiler of said locomotive, and that the cause of the explosion is unknown.

The court doth further find that Henry Brandau and William L. DuBois, the engineer in control of said locomotive, were at the time of the explosion fellow-servants of the appellant company.